IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-37-D

| | | |
|---|---|---|
| SYLVIA BRINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Helen Locklear ("Plaintiff") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of her application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income (SSI). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. On March 25, 2015, the court held oral argument in the matter. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings [DE-21] be granted, Defendant's Motion for Judgment on the Pleadings [DE-25] be denied, and the matter be remanded to the Commissioner for further consideration.

## STATEMENT OF THE CASE

Brinson first filed an application for a period of disability, DIB, and SSI in February 1988. (Tr. 414.) Her claim was denied on January 30, 1990, after a hearing in front of Administrative Law Judge ("ALJ") Maurice Horne. (Tr. 89.) Brinson filed a second claim in June 1991 (Tr. 287), which ALJ Robert Dean denied on November 24, 1992 (Tr. 25, 35). Brinson appealed the 1992 decision, but the court dismissed her case in June 1995. (Tr. 292-93.) Brinson's case was thereafter reviewed as a result of the *Hyatt III* decision. (Tr. 317.) Brinson applied for a third time in August 1995 and was awarded benefits beginning November 16, 1995.[1]

Brinson's second claim to determine whether she was entitled to benefits for the time period between March 12, 1987 and November 16, 1995 was re-heard on June 8, 2009, following a request under *Hyatt III*. (Tr. 409, 436.) ALJ Richard E. Perlowski issued a denial of benefits dated July 28, 2009. (Tr. 423.) However, the hearing tape was lost by the time the case was appealed to this court, and on June 15, 2012, the court remanded the case and ordered the Commissioner to either locate the missing tape or hold a *de novo* hearing. (Tr. 431.) A new hearing was held on July 22, 2013(Tr. 551), and ALJ Perlowski issued another decision denying benefits on September 12, 2013 (Tr. 248, 255). It is of this decision that Brinson seeks judicial review pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

**I.    Standard of Review**

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and

---

[1] It appears that the award of benefits turned on Brinson's age and not a change or worsening of her impairments.

whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II.   Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the

fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*.

### III.  ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since March 12, 1987. (Tr. 250.) Next, the ALJ determined Plaintiff had the following severe impairments: "degenerative disc disease; headaches; myofascial pain syndrome; osteoarthritis of the knees; and hernia." (*Id.*) The ALJ also found that Plaintiff's hypertension was a non-severe impairment. (Tr. 251.) However, at step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the ability to perform sedentary work "except that she needed to alternate sitting and standing every thirty minutes, and could not perform frequent postural activities." (Tr. 251.) In making this assessment, the ALJ found Plaintiff's statements about the severity of her symptoms not fully credible. (Tr. 251-52.) At step four, the ALJ concluded Plaintiff did not have the RFC to perform the requirements of her past relevant work. (Tr. 254.) Nonetheless, at step five, upon considering Plaintiff's age, education, work experience and RFC, the ALJ determined Plaintiff is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national and state economies. (Tr. 254-55.)

4

## IV. Plaintiff's Contentions

Plaintiff challenges the Commissioner's final decision denying benefits on two grounds. Plaintiff first contends that the ALJ erred in his analysis of the opinions of Plaintiff's treating physician, Dr. Richard L. Rauck. Second, Plaintiff asserts that the ALJ erred in his evaluation of Plaintiff's credibility.

### A. Treating Physician

Plaintiff's first assignment of error concerns the ALJ's treatment of Dr. Rauck's opinion. Plaintiff contends that the ALJ's decision is insufficient in this regard because he failed to provide any reasoning beyond the assertion that "[Dr. Rauck's opinion] is inconsistent with the record evidence as a whole during the period of time in question." (Pl.'s Brief Supp. Mot. Judgment on the Pleadings at 3 [DE #22].)

An ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996). An ALJ must further "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7 (Jul. 2, 1996). As part of this consideration and explanation, an ALJ must evaluate all medical opinions in the record. 20 C.F.R § 404.1527(b) & (c); *see also Monroe v. Colvin*, No. 7:13-CV-74-FL, 2014 WL 7404136, at *16 (E.D.N.C. Dec. 30, 2014). Medical opinions are "statements from physicians . . . or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Controlling weight will be given to "a treating source's opinion on the issue(s)

5

of the nature and severity of your impairment(s) [if it] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.* § 404.1527(c)(2); *Craig,* 76 F.3d at 590.

If the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must determine the weight to be given the opinion, considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the evidentiary support for the physician's opinion; (4) the consistency of the opinion with the record as a whole; (5) any specialty or expertise of the treating physician; and (6) any other factors tending to support or contradict the physician's opinion, such as the extent of the physician's understanding of the Social Security disability programs and the physician's familiarity with other information in the record. 20 C.F.R. 404.1527(c)(2)–(5); *see also Parker v. Astrue*, 792 F. Supp. 2d 886, 894 (E.D.N.C. 2011).

In his decision the ALJ provided the following analysis of Dr. Rauck's medical opinions:

> In a letter dated December 29, 1992, Richard Rauck, M.D., the director of the pain control clinic that the claimant attended, stated that while she does have chronic pain, she does not have any of the objective physical findings often necessary for social security disability findings. Dr. Rauck thought that the claimant's case was difficult to evaluate. He said that there are, no doubt, people with pain similar to her pain who are able to work successfully. Conversly, other patients with similar symptoms as the claimant have been awarded social security benefits.
> 
> . . . .
> 
> The undersigned [ ] provided great weight to Dr. Rauck's December 1992 letter, wherein he questioned whether the claimant was disabled. Little weight was given to the August 1992 physical capacities evaluation. It is inconsistent with the record evidence as a whole during the period of time in question, especially subsequent treatment records.

(Tr. 252-53.)

6

Case 4:12-cv-00037-D   Document 33   Filed 05/06/15   Page 6 of 9

Here, the ALJ's weight determination is supported by substantial evidence. Plaintiff is consistently diagnosed with myofasical pain syndrome. (Tr. 187-89, 191-98, 202-04, 207, 209.) However, there are few indications of how her impairments affect her physical limitations. The only time that Dr. Rauck addresses Plaintiff's physical limitations is in the August 1992 physical evaluation. (Tr. 227-28.) He does not explain or point to objective medical findings supporting his limitations, and his treatment notes do not address Plaintiff's strength or sensory loss, though Plaintiff does make subjective reports of "numbness." (Tr. 192, 196-97, 207, 214, 216-17, 221.)

In November and December 1993 Plaintiff suffered a fall and had a discectomy and fusion of her C5-6 vertebrae. (Tr. 297.) During her recovery period, Plaintiff's physician reported she had excellent grip strength on January 18, 1994 (Tr. 380), and Plaintiff indicated she had no neck or arm pain on March 12, 1994 (Tr. 379). Additionally, there are references to Plaintiff walking a half-mile daily during the relevant time period. (Tr. 194, 195.) Dr. Rauck's opinion indicating that Plaintiff is disabled is inconsistent with the medical evidence reflected in his treatment notes and with the other medical evidence of record. The ALJ appropriately addressed Dr. Rauck's medical opinions and took them into consideration when determining Plaintiff's RFC.

**B.     Plaintiff's Credibility**

Plaintiff next contends that the ALJ erred in assessing Plaintiff's credibility. In assessing a claimant's credibility, the ALJ must follow a two-step process. First, the ALJ must determine whether the claimant's medically determinable impairments could reasonably cause the alleged symptoms. *Craig*, 76 F.3d at 594–95. Next, the ALJ must evaluate the credibility of the claimant's statements regarding those symptoms. *Id.* at 595. The Social Security regulations require that an ALJ's decision "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and . . . be sufficiently specific to make clear to the individual

7

and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996).

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

SSR 96-7p, 1996 WL 374186, at *1. The ALJ must consider the following factors in addition to objective medical evidence when assessing the credibility of an individual's statements:

> (1) Claimant's daily activities;
> (2) The location, duration, frequency, and intensity of . . . pain or other symptoms;
> (3) Precipitating and aggravating factors;
> (4) The type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate pain or other symptoms;
> (5) Treatment, other than medication, received for relief of pain or other symptoms;
> (6) Any measures used to relieve pain or other symptoms; and
> (7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2013); SSR 96-7p, 1996 WL 374186, at *3.

In the instant case, the ALJ's credibility analysis concludes that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but goes on to state, "[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible *for the reasons explained in this decision*." (Tr. 251-52 (emphasis added).) However, the ALJ does not provide any further reasoning. He addresses the evidence in the medical record and the weight afforded to the medical opinions contained in the records, but he does not explain why Plaintiff is not credible or draw connections that allow the undersigned to infer his reasoning. Because of the absence of reasoning concerning the ALJ's credibility assessment, the undersigned is unable to determine whether the ALJ's determination is

8

Case 4:12-cv-00037-D   Document 33   Filed 05/06/15   Page 8 of 9

supported by substantial evidence. Therefore, this case should be remanded in order for the ALJ to adequately address Plaintiff's credibility.

## **CONCLUSION**

For the reasons stated above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings [DE-21] be GRANTED, Defendant's Motion for Judgment on the Pleadings [DE-25] be DENIED, and the case be REMANDED to the Commissioner for further consideration.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 5th day of May 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge