IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-37-D

SYLVIA BRINSON,             )
                            )
            Plaintiff,      )
                            )
    v.                      )         **ORDER**
                            )
CAROLYN W. COLVIN,          )
Acting Commissioner of Social Security, )
                            )
            Defendant.      )

On May 6, 2015, Magistrate Judge Swank issued a Memorandum and Recommendation ("M&R") [D.E. 33]. On June 10, 2015, Magistrate Judge Swank issued a corrected M&R [D.E. 35]. In the M&R, Judge Swank recommended that plaintiff's motion for judgment on the pleadings be granted [D.E. 21], defendant's motion for judgment on the pleadings be denied [D.E. 25], and defendant's final decision denying the request for benefits be remanded to the Commissioner. See [D.E. 35]. Defendant filed objections to the M&R [D.E. 34]. Plaintiff did not respond to the objections.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. §636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and defendant's objections. As for those portions of the M&R to which defendant made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which defendant objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence which a reasonable mind "might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Walls, 296 F.3d at 290; Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Defendant objects to Judge Swank's analysis of whether defendant properly considered the plaintiff's credibility and whether defendant drew connections that allow this court to understand defendant's reasoning. In the M&R, Judge Swank concluded that because the ALJ did not provide any reasoning concerning plaintiff's credibility, she could not determine whether the ALJ's determination was supported by substantial evidence. See M&R 7–9.

2

Judge Swank properly applied the legal standard. Accordingly, the court adopts the M&R [D.E. 35] and overrules the objections. In doing so, the court expresses no opinion on the merits.

In sum, defendant's objections [D.E. 34] to the M&R are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 21] is GRANTED, defendant's motion for judgment on the pleadings [D.E. 25] is DENIED, and the action is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g).

SO ORDERED. This __8__ day of July 2015.

JAMES C. DEVER III
Chief United States District Judge